**BOCHNER PLLC**

Joseph A. Farco, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, New York 10018
o 212.506.6143  E jfarco@bochner.law  w Bochner.law

May 24, 2025

<u>**Via ECF**</u>
Honorable Jennifer P. Wilson
United States District Court for the Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

Re: ***Rauschenberger Innovations GmbH v. Yi Chang Shi Hua Xiang Lai Shang Mao Co. Ltd., Song Yang Xian Yan Zi Dian Zi Shang Wu Co. Ltd. (d/b/a Tolret)*** (Civ. No. 1:24-CV-02174)

Dear Judge Wilson:

    This law firm was recently retained by Defendant in the above-referenced matters.[1] During the transition of lead counsel to a new firm, Plaintiff apparently took advantage of Defendant's failure to write a response to Plaintiff's non-sequitur May 5, 2025 letter to the Court, which provided a self-serving and unhelpful account of the law germane to the Court's question raised in its Order (ECF Dkt. No. 28). That Order stated that "Defendants <u>**can**</u> respond to Plaintiff's letter brief … by May 12, 2025." ECF Dkt. No. 28 (emphasis added) (the "Court's Order"). The use of the word "can" for Defendant's filing as opposed to the word "shall" when referring to Plaintiff's May 5, 2025 filing suggested that Defendant's opposition was not mandatory. Therefore, the absence of a Defendant letter should not have been a basis to excoriate Defendant or find Plaintiff's inapposite case law to control the issue and deny the Motion to Dismiss.

    The fact that Plaintiff has misguided the Court into believing that the Hague Service Convention can make Defendant "disappear" from this case is bizarre. Defendant is seeking relief ***on the merits*** through Fed. R. Civ. P. 12(b)(6). If Defendant is not "present" in this Court to file the motion to dismiss – who filed that document? Plaintiff's counsel must have been capable of doing basic case law research and finding Pennsylvania cases that support Defendant's appearance in this litigation. *See infra*. Unfortunately, the undersigned was not retained quickly enough to keep the Court from being misguided by Plaintiff's counsel into an unprecedented scenario in which the Court ***denied*** Defendant's Motion to Dismiss because of *Plaintiff's* insufficient service of process (i.e., Fed. R. Civ. P. 12(b)(5)). *See, e.g.*, ECF Dkt. No. 32. How can a Plaintiff overcome a Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) by prevailing on Fed. R. Civ. P. 12(b)(5)? How can a Court keep a Defendant in a lawsuit when Plaintiff admits it has failed to sufficiently serve the Defendant with process? If this Court finds that Plaintiff has failed to sufficiently serve Defendant with process, then this Court dismisses the Complaint entirely. *See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The undersigned is unaware of any Court in the United States denying a motion to dismiss filed by a

---

[1] While the undersigned was counsel of record at Norris McLaughlin P.A., the undersigned changed law firms to now be with the firm Bochner PLLC. As such, the defendants only retained Bochner PLLC to handle this matter on May 16, 2025.



**Joseph A. Farco, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, New York 10018
o 212.506.6143 E jfarco@bochner.law w Bochner.law

defendant because Plaintiff raised a defense akin to one under Fed. R. Civ. P. 12(b)(5). Given the aberration of civil procedure concocted by Plaintiff and sold to the Court as legal truth, Defendant respectfully requests the Court to reconsider its Order *sua sponte* denying Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for the following reasons.

Pennsylvania courts have recognized that "service of process may be obtained through waiver or consent." Fleehr v. Mummert, 857 A.2d 683, 685 (Pa. Super. 2004). One can become party to a suit, waiving service of process, by voluntary appearance. Id. "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" Id.; *see also* Cmiech v. Electrolux Home Prods., Inc., 520 F. Supp. 2d 671, 675 (M.D. Pa. 2007) ("Electrolux"). Again, Defendant in the above-referenced case has waived service of process, *see* ECF Dkt. No. 33, and has already filed a motion to dismiss the Complaint on the merits (and has never raised an insufficient service of process defense).

In Allstate Insurance Company v. Funai Corporation, this Court considered whether a foreign defendant had waived service of process under the Hague Service Convention pursuant to Electrolux. In Allstate, this Court held that the Japanese defendant had not waived service according to the Hague Service Convention despite the fact that the Japanese defendant's counsel had answered a complaint on its behalf in an unrelated litigation and had moved to dismiss based on improper service under the Hague Service Convention. *See* Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 164 (M.D. Pa. 2008). This Court granted the Japanese defendant's motion to dismiss for improper service in which it expressly considered whether the Japanese defendant had waived its objection to Hague service under this Court's holding in Cmiech v. Electrolux Home Products, Inc., 520 F. Supp. 2d 671, 675 (M.D. Pa. 2007). *See* id. at 163-164. *A fortiori*, if this Court considered voluntary appearance/waiver of service under its Electrolux precedent in Allstate, then this Court can resort to its holding in Electrolux to find the Defendant in this case has clearly and unequivocally waived service of process by filing a motion to dismiss **and** waiving service of process.[2]

As Defendant has waived service under the Hague Service Convention and has voluntarily appeared, Plaintiff has no other excuse to avoid the invalidating effect of its false characterization of its works as "unpublished" under 17 U.S.C. § 411. Plaintiff's counsel knew all along that the alleged copyrighted works were available for download, and therefore "published," despite telling the Copyright Office that they were "unpublished" when seeking registration. *See* ECF Dkt. No. 25 at 7-11. This Court should rule on the Motion to Dismiss to save Defendant from the meritless copyright litigation in which it has been thrust due to Plaintiff's misguided acts before the U.S.

---

[2] To the extent Plaintiff asserts it will have a difficult time enforcing any judgment it may be able to obtain absent service via the Hague Service Convention, nothing prevents Plaintiff from proceeding in effecting service via the Hague for that purpose assuming it is ever entitled to a judgment in its favor. Plaintiff cites no authority restricting this Court's handling of jurisdictional matters merely because eventual enforcement of a judgment may raise different concerns. The issues of service for jurisdiction and enforcement of a judgment are mutually exclusive, the latter of which this Court need not decide at this very early stage in the proceedings.



Joseph A. Farco, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, New York 10018
o 212.506.6143  E jfarco@bochner.law  w Bochner.law

Copyright Office.  By allowing Plaintiff to delay this case through its twisted misunderstanding of the Hague Service Convention, Defendant's business is in limbo and will continue to suffer harm as a result of Plaintiff's illegitimate and ill-gotten copyrights.

    The Court should see through Plaintiff's legally erroneous Hague Service smokescreen, reconsider its Order denying the Motion to Dismiss, and grant Defendant's Motion to Dismiss the complaint with prejudice.

                                                    Respectfully submitted,
                                                    BOCHNER PLLC

Dated: May 24, 2025                    By:   /Joseph Farco/
                                                    Joseph A. Farco